**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joyce Reid, Respondent,

v.

James Reid, Appellant.

Appellate Case No. 2023-001671

---

Appeal From York County
David G. Guyton, Family Court Judge

---

Unpublished Opinion No. 2025-UP-230
Submitted April 1, 2025 – Filed July 9, 2025

---

**AFFIRMED**

---

Patrick Ian Toomey, of King Law Offices PC, of Spartanburg, for Appellant.

Joyce Reid, of Rock Hill, pro se.

---

**PER CURIAM:**  James Reid (James) appeals the family court's issuance of an order of protection to Joyce Reid (Joyce) under the Protection from Domestic Abuse Act.[1]  On appeal, James argues the family court erred in issuing the order of protection because (1) the ruling was unsubstantiated by evidence and (2) Joyce

---

[1] S.C. Code Ann. §§ 20-4-10 to -160 (2014 & Supp. 2024).

failed to demonstrate he posed any threat of harm. We affirm pursuant to Rule 220(b), SCACR.

We hold the family court did not err in issuing an order of protection to Joyce because Joyce sufficiently alleged the date and time of the threat of physical harm, and the evidence showed James posed a threat of physical harm to Joyce. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Ashburn v. Rogers*, 420 S.C. 411, 416, 803 S.E.2d 469, 471 (Ct. App. 2017) ("Consistent with this de novo review, the appellant retains the burden to show that the family court's findings are not supported by a preponderance of the evidence; otherwise, the findings will be affirmed."); § 20-4-40(a) ("A petition for [an order of protection] may be made by any household members in need of protection or by any household members on behalf of minor household members."); § 20-4-40(b) ("A petition for [an order of protection] must allege the existence of abuse to a household member. It must state the specific time, place, details of the abuse, and other facts and circumstances upon which relief is sought and must be verified."); § 20-4-20(f) (defining order of protection as "an order of protection issued to protect the petitioner or minor household members from the abuse of another household member where the respondent has received notice of the proceedings and has had an opportunity to be heard"); § 20-4-20(a)(1) (defining abuse as "physical harm, bodily injury, assault, or the threat of physical harm"); § 20-4-20(b)(ii) & (iv) (defining a household member as a former spouse or a male and female who formerly cohabitated), *declared unconstitutional as applied in Doe v. State*, 421 S.C. 490, 496, 505-09, 808 S.E.2d 807, 810, 815-17 (2017) (concluding section 20-4-20(b) was unconstitutional as applied to Doe because it treated "unmarried, same-sex couples who live together or have lived together differently than all other couples").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.